UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| No Sugar Momma, LLC, an Illinois limited liability company, and Laurie Urbancik, an individual,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>No Sugar Momma LLC, a Michigan limited liability company, and Jennifer Sherbrook, an individual,<br><br>　　　　Defendants. | Case No. 24-cv-722 |

## COMPLAINT

Plaintiffs No Sugar Momma, LLC, an Illinois limited liability company, and Laurie Urbancik, an individual, through their attorneys Richard J. Lofgren and Charles G. Wentworth of The Law Office of Lofgren & Wentworth, P.C., state the following for their Complaint:

**Parties**

1. Plaintiff No Sugar Momma, LLC is an Illinois limited liability company ("NSM") with its principal place of business in Crystal Lake, Illinois.

2. Plaintiff Laurie Urbancik is an individual residing in Crystal Lake, Illinois.

3. Urbancik is the sole member and manager of NSM.

4. NSM specializes in sugar- and gluten-free baked items and desserts.

5. NSM owns and operates a website at https://nosugarmomma.us ("NSM Website").

6. NSM owns and operates an Instagram account under the username @no_sugar_momma.

7. The NSM Website explains that its products "are free of processed sugar and allergens to elevate your well-being and delight your taste buds." (Ex. A, NSM Website.)

8. Defendant No Sugar Momma LLC is a Michigan limited liability company ("Michigan Company") with its principal place of business in Trenton, Michigan.

9. On information and belief, defendant Jennifer Sherbrook is the sole member and manager of the Michigan Company.

10. On information and belief, Michigan Company and/or Sherbrook owns and operates a website at https://www.nosugarmommabakery.com ("Michigan Website").

11. The Michigan Website describes the Michigan Company's products: "Everything is sugar free, gluten free and low carb. Keto and diabetic friendly. We make everything in-house from scratch!" (Ex. B, Michigan Website.)

12. On information and belief, the Michigan Company and/or Sherbrook owns and operates an Instagram account with the username @nosugarmomma_.

13. In other words, the product offerings of the Michigan Company are nearly identical to those of NSM, their business names are identical (but for the missing comma in the Michigan Company's name), and their Instagram usernames are identical except for the use of underscores in those usernames.

14. The plaintiffs and defendants together are referred to as the "Parties."

**Jurisdiction and Venue**

15. This is an action for damages, injunctive relief, and declaratory relief based on the Michigan Company's infringing use and exploitation of NSM's registered and common law trademarks in the name and phrase "no sugar momma."

16. The Michigan Company operates an active website through which users can send information to the Company's host computer, including their email address and orders for the Company's products.

17. Additionally, in November 2023, and as described further below, the Michigan Company sold product to an Illinois customer and had it shipped to this state.

18. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121, because this action arises under the Lanham Act, 15 U.S.C. § 1051, et seq.

19. This Court has supplemental jurisdiction as to Plaintiff's remaining claims under 28 U.S.C. § 1367.

20. This Court has jurisdiction over the Parties' dispute and venue is proper in this district pursuant to 28 U.S.C. § 1391 because, among other things, this judicial district is the district in which a substantial part of the events giving rise to the claims described herein occurred.

**Background**

Urbancik's Marks

21. Urbancik owns various federal, state, and common law marks, including:

    a. United States Trademark Registration No. 6792750 for the phrase "NO SUGAR MOMMA, LOVINGLY SWEETENED BY MOTHER NATURE" (the "NSM Federal Mark"). (Ex. C, USPTO Registration.)

    b. The Mark's registration also covers the following design ("NSM Logo"):



3

c. Illinois Trademark Registration No. 113605, which is described as follows: "NO SUGAR MOMMA - WITH LOGO - 'NO SUGAR' APPEARS OVER 'MOMMA' SPELLED WITH A HEART INSTEAD OF LETTER 'O', COFETTI COLORED DOTS OVER 'NO SUGAR', TAGLINE 'LOVINGLY SWEETENED BY MOTHER NATURE'" ("NSM Illinois Mark"). (Ex. D, Illinois Registration.)

d. The common law mark "no sugar momma" ("NSM Common Law Mark") which she has been using in connection with the marketing and sale of baked goods since at least 2018, as set forth further below.

22. The NSM Federal Mark, NSM Illinois Mark, NSM Common Law Mark, and the NSM Logo are collectively referred to as the "NSM Marks."

23. The NSM Federal Mark is for use in connection with the following goods and services in International Class 030: "Granola Snacks, bakery desserts, cookies, cakes, donuts, pies, pastries, none that use common allergens." (Ex. C, USPTO Registration.)

24. The NSM Illinois Mark relates to the following goods and services: "Product line of snacks and desserts that do not contain common allergies (e.g., dairy, gluten, egg) or processes sugars." (Ex. D, Illinois Registration.)

25. Urbancik has allowed her business NSM to use these marks in the sale and marketing of her baked-goods business since its formation on May 18, 2021.

<u>Urbancik's Gluten- and Sugar-free Baking Business</u>

26. Urbancik began cooking gluten- and sugar-free baked goods in 2017, when she would give away samples of them to friends and neighbors.

4

27. In August 2018, Urbancik texted to a friend of hers a recipe that she called "No Sugar Momma Granola." (Ex. E, Recipe Card.)

28. A copy of that text message (with the recipe redacted out) is attached here as an exhibit.

29. In early 2019, Urbancik began selling her products at farmers markets and bake sales.

30. Those sales were also made under the moniker "no sugar momma."

31. On November 19, 2018, Urbancik also purchased the web domains "nosugarmomma.net" and "nosugarmomma.org."

32. In early 2019, Urbancik hired a marketing firm to design for her the NSM Logo.

33. Later that year, on November 7, 2019, Urbancik registered an Illinois trademark—the NSM Illinois Mark—with the Illinois Secretary of State for protection of the NSM Logo. (Ex. D, Illinois Registration.)

34. On May 13, 2021, Urbancik filed a trademark application with US Patent and Trademark Office for registration of the NSM Logo as a trademark related to International Class 030.

35. That same month, Urbancik formed NSM as an Illinois limited liability company, and allowed it to begin using the NSM Marks.

36. The NSM Federal Mark was granted registration on July 19, 2022.

37. Urbancik, either individually or through NSM, has since at least as early as August 2018 engaged in continuous and uninterrupted use of the NSM Marks in connection with the marketing and sale of gluten- and sugar-free baked goods.

38. Since at least August 2018, Urbancik and NSM have incurred and expended significant funds, time, and labor to promote, market, and advertise their goods and services using the NSM Marks.

39. By reason of its use of the NSM Marks, Urbancik and NSM have developed and continue to develop a domestic customer base loyal to their business and their baked goods.

40. The NSM Marks have also acquired meaning exclusively identified with NSM's baked goods so as to indicate goods that are available from NSM alone.

41. As a result of this, NSM is the sole and exclusive owner of all right, title, and interest in the NSM Marks in connection with marketing gluten- and sugar-free baked goods.

Jennifer Sherbrook and the Michigan Company Uses an Infringing Mark

42. According to the Michigan Company's website, "we started our family business, No Sugar Momma, in 2019 out of our house making cookies and bagels." (Ex. B, Michigan Website.)

43. The Michigan Department of Licensing and Regulatory Affairs states that the Michigan Company was organized on January 7, 2021.

44. According to the ICANN registry of domain names, the Michigan Website was created on October 14, 2021.

45. On information and belief, the Michigan website has been in a form substantially similar to what it is today since at least December 6, 2022.

46. At multiple times during August 2023, Urbancik called Sherbrook to inform her that the name and logo of the Michigan Company ("Infringing Mark") infringed on the NSM Marks.

6

47. On August 24, 2023, Sherbrook received a certified letter from Urbancik informing her of these continuing violations of the NSM Marks.

48. On September 21, 2023, during a phone call between the women, Sherbrook told Urbancik to quick bothering her and then hung up.

49. Notwithstanding all these efforts to stop Sherbrook and the Michigan Company's infringing actions, they continue to do use the Infringing Mark.

50. In the fall of 2023, Urbancik learned that others had ordered product from the Michigan Company though the Michigan Website and had it delivered to them in Illinois.

51. In November and December 2023, counsel for Urbancik sent to Sherbrook and the Michigan Company a letter again demanding that Sherbrook and the Michigan Company cease and desist their infringing actions. (Ex. F, Wentworth Letter, without exhibits.)

52. Nevertheless, Sherbrook and the Michigan Company continue infringing on NSM's rights.

53. The Defendants' use of the Infringing Mark in the name of their business and in the marketing of their sugar- and gluten-free baked products is confusingly and deceptively similar to the NSM Marks.

54. In addition, based on content publicly available at the Michigan Website, the Infringing Mark utilize words, design, and color scheme that are confusingly similar to the registered and common law NSM Marks.

55. Both Urbancik and NSM on the one hand and Sherbrook and the Michigan Company on the other will necessarily advertise their services through the same channels, marketing events, and publications to reach consumers.

56. Both promote, make available, and provide their products to the same types of customers—those concerned about or required to consume (because of health and allergy reasons) sugar- and gluten-free baked goods.

57. As a result, consumers will inevitably mistake the Michigan Company for NSM and visa versa.

58. Indeed, on multiple occasions in the past two years, customers of NSM have reached out to Urbancik and have asked her to confirm whether the Michigan Website is her website (it is not) and to inform her that there is another business using the same name as hers.

**Count I: Trademark Infringement, 15 U.S.C. § 1114(1)**

59. Plaintiffs incorporate by reference the preceding paragraphs into this Count I.

60. Urbancik is the sole and exclusive owner of all right, title and interest in the NSM Federal Mark in connection with the baking industry(ies).

61. Urbancik has licensed to NSM the exclusive use of the NSM Federal Mark.

62. The NSM Federal Mark is valid and enforceable.

63. Defendants' use in commerce of the Infringing Mark on, or in connection with the Defendants' business infringes Plaintiffs' exclusive rights to the federally registered NSM Federal Mark and exclusive rights therein, in violation of 15 U.S.C. § 1114(1), in that Defendants use of the Infringing Mark is in imitation of Plaintiffs' registered trademark, and exclusive rights of the NSM Federal Mark, and is likely to cause confusion, mistake, or deception as to the source of origin of the products in violation of Plaintiffs' substantial rights.

64. Without authority or permission from Plaintiffs, but with both actual and constructive notice of the NSM Federal Mark, Defendants have used in commerce a reproduction, counterfeit, copy, or colorable imitation of one or more of the NSM Federal Mark, or some

confusingly similar variation thereof, in connection with services that overlap with at least some, if not all, of those recited in the NSM Federal Mark.

65. By virtue of the overlap in the services provided by the Parties, and customers for their products, there is a likelihood of confusion as to the source of their respective products in the marketplace.

66. Defendant's use of Infringing Mark is confusingly and deceptively similar to the NSM Federal Mark.

67. Indeed, there has been actual confusion in the marketplace between the NSM Federal Mark and the Infringing Mark as evidenced by NSM's customers informing Urbancik that they have located the Michigan Website and were not sure if it was NSM's.

68. Consequently, the Defendants' use of the Infringing Mark constitutes an unlawful infringement of the rights secured by Plaintiffs, in that such use has caused actual and likely confusion in the marketplace, and is likely to continue to cause confusion, to cause mistake, or to deceive unless Defendants are enjoined from continuing such use.

69. At a minimum, Defendants have acted with willful blindness to, and in reckless disregard of, NSM's federally registered trademark, and exclusive rights of the NSM Federal Mark.

70. Defendants' activities constitute willful infringement of Urbancik's federally registered trademark in violation of 15 U.S.C. § 1114(1).

71. Such willful infringement entitles NSM to receive treble damages under 15 U.S.C. §1117.

72. This is also an exceptional case within the meaning of 15 U.S.C. § 1117, such that Defendants should be assessed NSM's reasonable attorneys' fees and costs.

73. Defendants' conduct has caused and will continue to cause damage and irreparable injury to NSM and Urbancik, their business reputation, and the goodwill associated with the NSM Federal Mark, as well as the other NSM Marks.

74. NSM and Urbancik have no adequate remedy at law, have suffered irreparable harm and damage as a result of Defendants' deliberate actions, and are suffering monetary damages in an amount not thus far determined, but to be proven at trial.

**Count II: False Designation of Origin Under the Lanham Act, 15 U.S.C. § 1125**

75. Plaintiffs incorporate by reference the preceding paragraphs into this Count II.

76. Because Plaintiffs advertise, market, and promote their services under the trademarks described in this Complaint, these trademarks are the means by which their products are distinguished from the products or services of others in the same or related fields.

77. Because of Urbancik and NSM's long, continuous, and exclusive use of the NSM Federal Mark, it has come to mean, and is understood by customers and the public, to signify the services of Plaintiffs.

78. Defendants' wrongful conduct includes the use of the Infringing Mark in a manner that is confusing or similar to those of Plaintiffs.

79. Plaintiffs are the sole and exclusive owner and licensee of all right, title, and interest in the NSM Federal Mark in connection with the baking industry.

80. Plaintiffs have not authorized Defendants to use the NSM Federal Mark, or variations thereof, in connection with Defendants' business, including marketing sugar- and gluten-free baked goods, or otherwise.

81. Defendants' use of the Infringing Mark is confusingly and deceptively similar to the NSM Federal Mark.

82. Defendants have and continue to abuse the NSM Federal Mark for their benefit and gain in violation of Plaintiffs' intellectual property rights.

83. Defendants' past, current, and future use and exploitation of marks materially similar to the NSM Federal Mark for their business is without authorization and likely to cause confusion, to cause mistake and to deceive the public as to affiliation, connection or association of Defendants to NSM and Urbancik's future business ventures, and as to origin, sponsorship, or approval of such products.

84. The acts of Defendants as described above are in violation of 15 U.S.C. § 1125(a), in that Defendants have used confusingly similar marks to the NSM Federal Mark to cause confusion and will continue to deceive the public as to the source or origin of Defendants' services.

85. This is also an exceptional case within the meaning of 15 U.S.C. § 1117, such that Defendants should be assessed Plaintiffs' reasonable attorneys' fees and costs.

86. Plaintiffs have no adequate remedy at law, have suffered irreparable harm and damage as a result of Defendants' actions, and are suffering monetary damages in an amount not thus far determined, but to be proven at trial.

**Count III: Illinois Unfair Competition and Trademark Infringement**

87. Plaintiffs incorporate by reference the preceding paragraphs into this Count III.

88. This Count arises under the Illinois Trademark Registration and Protection Act (765 ILCS 1036/1 *et seq.*) and the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*), and arises out of the same facts, occurrences and transactions as set forth above.

89. Plaintiffs did not permit Defendants to use the NSM Marks for profit.

90. On information and belief, Defendants have used and intend to continue to use a confusingly similar imitation of the NSM Marks for the marketing and promotion of its marketing and customer analysis-related services.

91. Defendants' use and exploitation of the NSM Marks is without authorization and constitutes an infringement of Plaintiffs' trademark rights.

92. Defendants' acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake, and deceive.

93. Plaintiffs have no adequate remedy at law, have suffered irreparable harm and damage as a result of Defendants' palming off its goods and services, and are thus entitled to injunctive relief to prohibit such future conduct from occurring.

94. Plaintiffs have also suffered monetary damages in an amount not thus far determined, but to be proven at trial.

95. Plaintiffs are entitled to payment of their attorneys' fees and costs, in addition to other monetary damages.

### Count IV: Common Law Unfair Competition and Trademark Infringement

96. Plaintiffs incorporate by reference the preceding paragraphs into this Count IV.

97. Defendants' current and continued use of the Infringing Mark with knowledge of Plaintiffs' intellectual property rights in the NSM Marks constitutes misappropriation of Plaintiffs' property rights, goodwill, reputation, and is unfair competition.

98. Defendants' use and exploitation were done knowingly, willingly, and with careless disregard for Plaintiffs' intellectual property rights and their legitimate customers.

99. Defendants' actions have caused and will continue to cause injury to Plaintiffs.

100. Defendants will profit from their unlawful actions and will be unjustly enriched to the detriment of Plaintiffs.

101. As a result of Defendants' unfair competition, Plaintiffs will be damaged in an amount to be proven at trial.

102. Further, as a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer damage to their business reputation.

WHEREFORE, Plaintiffs Laurie Urbancik, an individual, and No Sugar Momma, LLC, an Illinois limited liability company, respectfully request judgment against Defendants Jennifer J. Sherbrook, an individual, and No Sugar Momma LLC, a Michigan limited liability company, as follows:

A. For a declaration that Urbancik is the owner of all right, title and interest in the NSM Marks;

B. For an Order enjoining Defendants and their agents, servants, employees, and those acting in concert with Defendants, from using the Infringing Marks or otherwise infringing upon Urbancik's intellectual property rights in any manner during the pendency of this action and permanently thereafter;

C. For an Order assigning the internet domain name "www.nosugarmommabaker.com" to Urbancik;

D. For an award of damages for Plaintiffs' pecuniary loss in amounts to be proven at trial;

E. For an award of Plaintiffs' reasonable attorneys' fees together with the costs of this action; and

F. For such other and further relief as the Court may deem just and proper

**Jury Demand**

Plaintiffs demand a trial by jury.

Date: January 26, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Charles G. Wentworth*
　　　　　　　　　　　　　　　　　　Richard J. Lofgren (ARDC 6190604)
　　　　　　　　　　　　　　　　　　Charles G. Wentworth (ARDC 6284238)
　　　　　　　　　　　　　　　　　　The Law Office of Lofgren & Wentworth, P.C.
　　　　　　　　　　　　　　　　　　536 Crescent Blvd. Suite 200
　　　　　　　　　　　　　　　　　　Glen Ellyn, IL 60137
　　　　　　　　　　　　　　　　　　(630) 469-7100
　　　　　　　　　　　　　　　　　　rlofgren@elrlaw.com
　　　　　　　　　　　　　　　　　　cwentworth@elrlaw.com
　　　　　　　　　　　　　　　　　　*Counsel for Laurie Urbancik and No Sugar Momma, LLC*